J-A10011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KATHLEEN BOYER, MARYELLEN BYRNE, FRANCES LAY, ROSALIE ZUBYK, JANET MICHELS, MARY DILORETO, FAITH PLATT, PATRICIA MARSINI, IRENE KALMAN, STEPHANIE MOORE, CINDY RAUENSAHN | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 2187 EDA 2024 |
| BARCLAY FRIENDS, KENDAL CORPORATION, JOHNSON CONTROLS FIRE PROTECTION, LP | : : : : : : | |
| APPEAL OF: BARCLAY FRIENDS | : | |

Appeal from the Order Entered July 16, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 191101072

| | | |
|---|---|---|
| MARY DILORETO  V.  BARCLAY FRIENDS, KENDAL CORPORATION, JOHNSON CONTROLS FIRE PROTECTION, LP | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: BARCLAY FRIENDS | : : | |
| | : | No. 2188 EDA 2024 |

Appeal from the Order Entered July 16, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 191102185

| | | |
|---|---|---|
| JOAN L. LORGUS | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |

J-A10011-26

BARCLAY FRIENDS, KENDAL :
CORPORATION, JOHNSON CONTROLS : No. 2189 EDA 2024
FIRE PROTECTION, LP :
:
:

APPEAL OF: BARCLAY FRIENDS

Appeal from the Order Entered July 16, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 191101996

CINDY RAUENZAHN V. BARCLAY : IN THE SUPERIOR COURT OF
FRIENDS, KENDAL CORPORATION, : PENNSYLVANIA
JOHNSON CONTROLS FIRE :
PROTECTION, LP :
:
:
APPEAL OF: BARCLAY FRIENDS :
:
: No. 2348 EDA 2024

Appeal from the Order Entered August 20, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 220302711

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED JULY 31, 2026**

In these consolidated appeals, Barclay Friends appeals from orders overruling its preliminary objections to compel arbitration in the above-captioned cases.[1] Barclay Friends argues that private arbitration of

---

[*] Former Justice specially assigned to the Superior Court.

[1] Johnson Controls Fire Protection, LP ("Johnson") has filed a separate set of appeals at 2292-2295 EDA 2024 from orders overruling Johnson's preliminary objections to compel arbitration in the above-captioned cases. We do not decide Johnson's claims in the present memorandum.

Appellees'[2] claims of recklessness and punitive damages does not violate public policy. We agree, and thus we reverse the trial court's orders overruling Barclay Friends' preliminary objections.

These actions arise from a fire on November 16, 2017 at the Barclay Friends senior living facility in West Chester, Pennsylvania. All Appellees were residents at Barclay Friends at the time of the fire.

Appellees subsequently filed four actions captioned above, which the trial court consolidated for purposes of discovery and trial. The complaints in each action contain multiple claims, including claims against the fire suppression company (Johnson) that Appellees contend owned, supervised, maintained, and controlled the fire suppression and/or sprinkler systems in the Barclay Friends' facility. As to Barclay Friends, Appellees' allegations generally fall into the following categories: failure to properly devise and/or enforce smoking policies and failure to ensure that the fire suppression system functioned properly. The appellees in the DiLoreto action allege that they suffered injuries and death (in the case of Richard DiLoreto) from the fire related to smoke inhalation, respiratory distress and other health issues. The Rauenzahn action alleges that decedent Faith Platt sustained lacerations during her evacuation which failed to heal properly and ultimately caused her

_____

[2] Appellees include Mary DiLoreto, individually and as executrix of the estate of Richard DiLoreto, Cindy Rauenzahn, individually and as executrix of the estate of Faith Platt, the estate of Theresa Hasinger, the estate of Susan Broderick, the estate of Rosalie Zubyk, the estate of Robert Logus, Patricia Marsini, Irene Kalman, and Francis Lay. For the sake of convenience, we refer below to all Appellees as if they are natural persons.

death.  The Lorgus action alleges that decedent Robert Lorgus suffered injuries from smoke inhalation, physical and emotional trauma, and exacerbation of depression, ultimately leading to his death.

All Appellees executed an admission agreement when they became residents of Barclay Friends.  Each agreement included an arbitration clause which provided that "any controversy or claim arising out of, or relating to, this Agreement, or the breach thereof, will be settled by arbitration, which will be binding upon both parties."  Agreement at ¶ 34.  The agreement further provides that it is "binding Upon the Resident's Estate."  *Id.* at ¶ 39.  The agreement also states that all rights and liabilities under the contract "shall extend to and be binding upon the several heirs, legal representatives, successors, and assigns of the parties to his Agreement."  *Id.* at ¶ 29.  Finally, the agreement provides, "This Agreement has been fully explained to me and I understand its terms. I have had an opportunity to ask my questions, all my questions have been answered and I have no further questions."  *Id.* at ¶ 42.

In the summer of 2022, Barclay Friends filed preliminary objections to the complaint in several actions seeking to compel arbitration of all claims except Richard DiLoreto's and Platt's wrongful death claims in accordance with the arbitration clause.  Barclay Friends further requested that the court stay Richard DiLoreto's and Platt's wrongful death claims pending conclusion of arbitration proceedings.  Later in 2022, the trial court entered orders overruling Barclay Friends' preliminary objections.  Barclay Friends appealed the orders to this Court.  In a memorandum issued on November 17, 2023,

this Court held that Appellees' claims fell within the scope of the arbitration clause. We remanded all actions to the trial court to address the remaining issues in the preliminary objections, including "whether enforcement of the arbitration clause on claims of reckless conduct would violate public policy." *DiLoreto, et al v. Barclay Friends*, 2395 EDA 2022 & 2797 EDA 2022, at 16-17 ("*DiLoreto I*") (Pa. Super., Nov. 17, 2023) (unpublished memorandum).

On remand, in orders issued on July 16, 2024 and August 19, 2024, the trial court overruled Barclay Friends' remaining preliminary objections in each action. Barclay Friends filed timely appeals from these orders.[3] Subsequently, the trial court filed an opinion, and later an amended opinion, in which it concluded that private arbitration of claims of recklessness and punitive damages does not violate Pennsylvania's public policy. The court recommended that this Court reverse its orders overruling Barclay Friends' preliminary objections.

Barclay Friends raises a single issue in these appeals:

Whether the trial court erred by overruling Barclay Friends' Preliminary Objections to Plaintiffs' Complaints seeking to compel the cases to private arbitration, where this Court has already

---

[3] Following Barclay Friends' notices of appeal, the trial court granted reconsideration in all actions, sustained Barclay Friends' preliminary objections, and ordered all claims except Richard DiLoreto's and Platt's wrongful death claims to proceed to arbitration. On November 12, 2024, this Court ordered the trial court to vacate the orders granting reconsideration. We ruled that the trial court was without jurisdiction to grant reconsideration or vacate its orders because more than 30 days had passed since entry of these orders.

determined that the contractual agreement at issue is valid and that Plaintiffs' claim fall within its scope, and where private arbitration of claims of recklessness and punitive damages is not against public policy?

Barclay Friends' Brief at 6.

Preliminarily, we note that the trial court's orders denying Barclay Friends' motions to compel arbitration are appealable. Pennsylvania Rule of Appellate Procedure 311(a)(8) provides that an appeal may be taken as of right from "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8). The Uniform Arbitration Act, which was in effect at the time Appellees signed their residency agreements, authorizes an appeal from "[a] court order denying an application to compel arbitration." 42 Pa.C.S.A. § 7320(a)(1).[4]

We have further held:

Alternative dispute resolution agreements that merely include arbitration as only one of a number of possible methods of resolving disputes are not arbitration agreements, and denial of enforcement of such dispute resolution agreements is not appealable as of right…Where the parties' agreement requires arbitration, however, the denial of enforcement is appealable as of right even though the parties' agreement includes some pre-arbitration settlement procedures.

_____

[4] Similarly, the Revised Statutory Arbitration Act, which came into effect subsequent to the residency agreements, provides that "[a]n appeal may be taken from ... an order denying a motion to compel arbitration…" 42 Pa.C.S.A. § 7321.29(a)(1).

*McCrossin v. Comcast Spectacor, Inc.*, 311 A.3d 1115, 1121 (Pa. Super. 2024).

The appeal before us satisfies these requisites. It is appealable because it is from an order denying a motion to compel arbitration. Moreover, the dispute resolution provisions at issue plainly are arbitration provisions. We thus turn to the issue raised in this appeal.

The question before us is an issue that we directed the trial court to address in *DiLoreto I*: whether enforcement of the arbitration clause on claims of reckless conduct and punitive damages would violate public policy. Courts apply a two-part test in determining whether to compel arbitration. "The first determination is whether a valid agreement to arbitrate exists. The second determination is whether the dispute is within the scope of the agreement." *Duffy v. Tatum*, 354 A.3d 14, 20 (Pa. Super. 2026). This appeal falls within the first prong of this test, because it concerns the validity of the arbitration clause in Barclay Friends' residential agreement as it pertains to claims of reckless conduct and punitive damages. This issue is a question of law, *id.*, and "our standard of review is limited to determining whether the trial court committed an error of law." *Id.*

A party who asserts that clear and unambiguous contract provisions, such as the arbitration clause herein, are void as against public policy

> carries a heavy burden of proof. This is because public policy is more than a vague goal which may be used to circumvent the plain meaning of the contract. Nevertheless, while we are wary to declare contractual language invalid as against public policy,

- 7 -

we are obliged to find contractual language to be contrary to public policy when it violates statutory language. Thus, stipulations in a contract of insurance in conflict with, or repugnant to, statutory provisions which are applicable to, and consequently form a part of, the contract, must yield to the statute, and are invalid, since contracts cannot change existing statutory laws.

*Rush v. Erie Insurance Exchange*, 308 A.3d 780, 795-96 (Pa. 2024) (citations omitted; cleaned up). "To be contrary to public policy, a contract must tend to injure the public or be against the public good, or must be inconsistent with good morals as to the consideration to be exchanged or the thing to be done for consideration." *J.F. v. D.B.*, 897 A.2d 1261, 1279 (Pa. Super. 2006). "To determine the public policy of our Commonwealth, we examine the precedent within Pennsylvania, looking to our own Constitution, court decisions, and statutes promulgated by our legislature." *Weaver v. Harpster*, 975 A.2d 555, 563 (Pa. 2009).

Barclay Friends argues in its brief that public policy grounded in the Federal Arbitration Act ("FAA"), 9 U.S.C. Ch. 1 §§ 1-16, and Pennsylvania's Revised Statutory Arbitration Act ("RSAA"), 42 Pa.C.S.A. §§ 7321.1-7321.31, strongly supports arbitration of Appellees' claims of recklessness and punitive damages. Appellees' brief fails to present any counterargument on this subject. Instead, Appellees' brief only presents argument on the issues raised in Johnson's separate set of appeals at 2292-2295 EDA 2024. Thus, Appellees appear to concede implicitly that Barclay Friends' position is meritorious.

We hold that public policy supports arbitration of Appellees' recklessness and punitive damage claims. On the dates that Appellees entered into their

agreements with Barclay Friends, there was no public policy—that is, no constitutional provision, court decision, or statute—that prohibited arbitration of recklessness or punitive damage claims. To the contrary, on these dates, public policy embodied in the FAA strongly supported arbitration of Appellees' claims. *See* Trial Ct. Op., 4/16/25, at 6. Section 2 of the FAA provides that "a written agreement to arbitrate a contract evidencing a transaction involving commerce […] shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. State and federal courts must enforce the FAA with respect to all arbitration agreements covered by that statute. ***Marmet Health Care Ctr., Inc. v. Brown***, 565 U.S. 530, 530-31 (2012). "Pennsylvania has a well-established public policy that favors arbitration [which] aligns with the federal approach expressed in the [FAA]." ***Duffy***, 354 A.3d at 20. This "well-established" policy applies to arbitration provisions in nursing home admission agreements such as the provision herein. ***MacPherson v. Magee Memorial Hosp. for Convalescence***, 128 A.3d 1209, 1219 (Pa. Super. 2015) (citing ***Marmet***, 565 U.S. at 530-31).

Furthermore, we agree with the trial court and Barclay Friends that the RSAA supports arbitration of the present claims. *See* Trial Ct. Op. at 5. The RSAA provides in relevant part, "An arbitrator may award punitive damages or other exemplary relief if such an award is authorized by law in a civil action involving the same claim and the evidence produced at the hearing justifies

the award under the legal standards otherwise applicable to the claim." 42 Pa.C.S.A. § 7321.22(a). This statute clearly indicates that submission of Appellees' demands for punitive damages to an arbitrator is consistent with Pennsylvania public policy. It also supports submission of Appellees' claims of recklessness to an arbitrator is proper, since proof of recklessness may give rise to punitive damages. *See Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (punitive damages are proper in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct).

It is important to emphasize that Section 7321.22 does not *govern* or *apply to* this case, because Section 7321.22 was enacted several years after Appellees entered into their residential agreements with Barclay Friends. A decision that Section 7321.22 governs or applies to this case might violate the legislative precept against retroactive application of statutes. *See* 1 Pa.C.S.A. § 1926 ("[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly"). To avoid potential error, we only hold that Section 7321.22, as a statute, is a proper gauge of the public policy of this Commonwealth. *See Weaver*, 975 A.2d at 563. In other words, this statute is a valid standard for measuring whether the arbitration clause in Barclay Friends' residential agreement "tend[s] to injure the public or [is] against the public good, or [is] inconsistent with good morals as to the consideration to be exchanged or the thing to be done for consideration." *J.F.*,

897 A.2d at 1279. We know of no law that prohibits consideration of a post-agreement statute when deciding whether that agreement violates public policy.

For these reasons, we conclude that arbitration of Appellees' recklessness and punitive damage claims is not against public policy. We reverse the trial court's order overruling Barclay Friends' preliminary objections. For the sake of clarity, we note that the wrongful death claims of Richard DiLoreto and Platt shall not proceed to arbitration, since Barclay Friends does not seek arbitration of these claims.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/31/2026

- 11 -